IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL H. THOMPSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:04-cv-1044-F |
| | )         WO |
| PROGRESSIVE INSURANCE CO., | ) |
| | ) |
| DEFENDANT. | ) |

**<u>ORDER</u>**

Due to the pattern of inexcusable conduct and repeated failure to comply with orders of this Court in this case, the Court hereby ORDERS that Robert Troy Teague be SANCTIONED pursuant to this Court's authority under Federal Rule of Civil Procedure 16(f). The factual predicate for the imposition of sanctions is simple. Mr. Teague has repeatedly failed to comply with the orders of this Court, in particular its scheduling orders, and his failure to comply with these orders is without substantial justification.

This action was removed from the Circuit Court for Montgomery County, Alabama in October of 2004. On November 8, 2004, this Court ordered the parties to file a Report of Parties' Planning Meeting by no later than November 30, 2004. The parties failed to comply with the November 30, 2004 Order and failed to seek an extension of the deadline it imposed. The Court issued another Order directing the parties to file a Report of Parties' Planning Meeting.

After the parties filed their Report of Parties' Planning Meeting, this Court entered

a Uniform Scheduling Order (Doc. # 6) for this case on December 22, 2004. This Uniform Scheduling Order contains numerous deadlines and also places a variety of requirements on the parties in this action. It is without question the most important order entered to date in this case, and it contains vital scheduling information for the case. Section 3 of the Uniform Scheduling Order requires counsel for all parties to conduct a face-to-face settlement conference at which they engage in good faith settlement negotiations. The deadline for this face-to-face settlement conference was May 3, 2005. Section 3 of the Uniform Scheduling Order further requires counsel for the plaintiff to file with the Court a "Notice Concerning Settlement Conference and Mediation" no less than five days after the parties conduct the face-to-face settlement conference. The Uniform Scheduling Order specifically requires that the notice indicate whether settlement was reached and whether or not *the parties* believe mediation will assist them in resolving this case short of trial. Information regarding the Court's voluntary mediation program is provided to the parties along with the Uniform Scheduling Order.

 Plaintiff's counsel disregarded the dictates of Section 3 of the Uniform Scheduling Order and failed to file a timely "Notice Concerning Settlement Conference and Mediation" are directed. On May 13, 2005, this Court entered an Order noting Plaintiff's counsel's failure to comply with Section 3 of the Uniform Scheduling Order and directing Plaintiff's counsel to file a Notice Concerning Settlement Conference and Mediation as required by the Uniform Scheduling Order by no later than May 27, 2005. The Court also ordered Plaintiff's

counsel to show cause why they should not be sanctioned.

On May 27, 2005, Mr. Teague, one of the two attorneys for Plaintiff, filed a document entitled "Notice Concerning Settlement Conference and Mediation" (Doc. # 8). In this notice, Plaintiff stated that "Plaintiff believes there is a good probability of reaching a settlement in this matter and requests mediation." This notice fails to comply with the letter and the spirit of Section 3 of the Uniform Scheduling Order. Rather than indicating whether or not the case settled at the face-to-face settlement conference or if such a conference was even held, this notice simply states that Plaintiff believes the case can be settled and that Plaintiff wants mediation. What the Defendant thinks about the possibility of settlement or the desirability of mediation is not disclosed in any way by the Notice.

On May 27, 2005, Mr. Teague also filed a response (Doc. # 9) to this Court's Order that he show cause why he should not be sanctioned for non-compliance with Section 3 of the Uniform Scheduling Order. This response was as follows:

> Plaintiff's counsel was unaware of the necessity of filing a notice concerning settlement and mediation and submits as attached Exhibit A, the report of parties' planning meeting, which did not contain this requirement. No other reason is proffered.

It is apparent from this response that Mr. Teague never bothered to read the Uniform Scheduling Order in this case. Such conduct is inexcusable. It is incumbent upon all counsel practicing in this district to familiarize themselves with all orders entered in cases. Mr. Teague's failure to do so in this case has caused a waste of limited judicial resources.

Accordingly, this Court has imposed the sanctions set forth in this Order.

For the reasons set forth above, it is hereby ORDERED as follows:

(1)  Robert Troy Teague shall pay to the Clerk of the Court for the United States District Court for the Middle District of Alabama $250.00 on or before **June 6, 2005**. Immediately upon payment of this amount, Mr. Teague shall file with this Court a written certification signed pursuant to Federal Rule of Civil Procedure 11 indicating that (a) he has paid the fine *and* (b) he has read all orders entered by the Court in this case.  A copy of the receipt for payment of the fine shall be attached as an exhibit to this certification.  It is further ORDERED that Mr. Teague shall pay this fine himself and shall not seek to recover it as an expense from his client.

(2) Because the Court finds that the Notice Concerning Settlement Conference and Mediation fails to comply with the requirements of Section 3 of the Uniform Scheduling Order, counsel for Plaintiff is ORDERED to file a new Notice Concerning Settlement Conference and Mediation on or before **June 6, 2005**.  The Notice Concerning Settlement Conference and Mediation must specifically state: (a)  that counsel for all parties have met *face-to-face and conducted a settlement conference*; (b) whether the case has been settled; and (c) whether *counsel for all parties* believe that mediation will assist *them* in resolving this case short of trial.  The parties are advised that if they wish to schedule mediation through the Court's voluntary mediation program, they must call the office of Magistrate Judge Susan Russ Walker to schedule the mediation.  A request for mediation in the Notice

Concerning Settlement Conference and Mediation will not result in mediation being scheduled by this Court.

(3) **Failure to comply with any aspect of this Order or any other Order by this Court may result in the imposition of further sanctions.**

Done this the 31st day of May, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
